STROUB v. MEYER.

1. NEGLIGENCE — DRIVING ON STREET — INJURY TO PEDESTRIAN —
   CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
   Plaintiff's wife, after dark, but when the streets were well
   lighted, attempted to cross from the curb to a street car, a
   distance of 24 feet.  When starting, she looked up, and could
   have seen defendant approaching with a horse and buggy, at
   a rate of six miles an hour.  There was a controversy as to
   the distance he was from her at the time.  His horse was
   under control, and, seeing her danger, he reined in his
   horse, which slipped, and fell upon the pavement, striking
   and injuring her.  Held, that whether defendant was guilty
   of negligence, and plaintiff's wife of contributory negligence,
   were questions of fact for the jury.

2. SAME.
   It may be negligence, under some circumstances, to drive
   along a crowded city street at a less rate of speed than six
   miles an hour.

Error to Kent; Perkins, J.  Submitted December 3,
1902.  (Docket No. 141.)  Decided December 29, 1902.

Case by John B. Stroub against Barney Meyer for loss
of services of and expenses in caring for his wife, caused
by injuries resulting from defendant's negligence.  From
a judgment for plaintiff, defendant brings error.  Affirmed.

Plaintiff sued the defendant to recover for the loss of
the services of his wife, and the expenses incurred in tak-
ing care of her, from injuries claimed to have been the
result of the defendant's negligence in driving his horse
and carriage on one of the streets of the city of Grand
Rapids.  He recovered a verdict of $101.50.  The acci-
dent happened after dark on the evening of October 11th,
the last day of a street carnival.  Mrs. Stroub was wait-
ing with others for a street car, at the southeast corner of
Canal and Bridge streets.  It was raining.  The stores

and all the public places were lighted, as were also the electric lights in the streets. A car had come from the south, and stopped about 30 feet south of the south line of Bridge street for passengers to get on and off. Four persons—two women and two children—started from the sidewalk for the car, preceding Mrs. Stroub. Defendant drove along Canal street from the south, between the car and the curb, going, according to his own testimony, six miles an hour, and, according to other witnesses, faster. Mrs. Stroub and others, desiring to take the car, went from the curb to the rear of the car, thus going diagonally towards the defendant. Defendant was superintendent of the city lighting plant and the waterworks, and was driving from the former to the latter. There was no occasion for haste. One Kelly, his driver, was with him. The gong attached to his carriage was rung at frequent intervals. Mrs. Stroub, when about halfway from the curb to the car, was struck by the defendant's horse, thrown down, and injured. The distance in a direct line between the side of the car and the curb was about 24 feet. Defendant, upon seeing the danger she was in, reined in his horse, which slipped upon the pavement, fell upon his haunches, and slid from two to six feet. The witnesses do not agree upon the distance. The jury, in reply to three special questions, found that Mrs. Stroub, at the time of starting for the car, could see the defendant approach with his horse and buggy; that she then looked up the street towards the point whence defendant was approaching; and that defendant had his horse under control.

*Moses Taggart* (*Ganson Taggart*, of counsel), for appellant.

*Dunham & Malcolm*, for appellee.

GRANT, J. (*after stating the facts*). The defenses urged are no negligence on the part of the defendant, and contributory negligence on the part of Mrs. Stroub. We think both defenses were properly submitted to the jury. The law does not permit parties to drive under all circum-

stances along the crowded streets of a city at the rate of six miles an hour. In some places, and under some conditions, it would be negligence to drive faster than a walk. It depends upon the condition of the streets, the number of people crossing, of carriages on it, the degree of light, and various other conditions. Defendant knew that people were getting on and off this car; that it had stopped for that purpose, and that those standing on the sidewalk would probably hurry across the street to reach the car. We are not prepared to say that, even under his own statement, he was not guilty of negligence in driving at the rate of even six miles an hour. It is said his horse was under control. So he might be under the driver's control if he was going 10 miles an hour. The fact that the driver had the horse well in hand, and that the horse was not frightened, do not show conclusively that the defendant was not guilty of negligence. It was his duty to approach this place at a rate of speed reasonably slow. Travelers on foot had as much right to the use of this street, to go to and from the car, as he had to ride along it. It was the duty of both to use reasonable care to avoid accident. It is well known that street cars in cities stop but a brief time to permit passengers to get on and off, and that passengers are required to move rather speedily.

The women who preceded Mrs. Stroub testified that they did not see defendant's horse and carriage. Let it be granted that they, as well as Mrs. Stroub, should have seen it. They were entitled to believe that defendant would approach the place at a reasonable rate of speed. Passengers differ as to the distance defendant was away from the place of the accident. It was raining. Many people were on the streets and sidewalks. Her conduct depended on the distance the horse and carriage were from her, and her ability to determine the speed at which they were approaching. It was a question for the jury to determine whether, under all the circumstances, Mrs. Stroub was guilty of negligence in attempting to cross.

Judgment affirmed.

The other Justices concurred.